S05Y1822, S05Y1823, S05Y1824. IN THE MATTER OF ROBERT T. GUGGENHEIM (three cases).
(620 SE2d 824)

PER CURIAM.

These matters are before the Court on the Notices of Discipline filed by the State Bar against Respondent Robert T. Guggenheim in which the Bar alleged that Guggenheim violated Rules 1.3, 1.4, 1.5, 1.16, 3.2, 8.4 (a) (4), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). Although Guggenheim was personally served with the Notices of Discipline in accordance with Bar Rule 4-203.1 (b) (3) (i), he failed to timely reject them as required by Bar Rule 4-208.3 (a). Accordingly, he is in default, has no right to an evidentiary hearing and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b). Violations of Rules 1.3 and 8.4 are punishable by disbarment.

In Case No. S05Y1822, Guggenheim represented a client in United States District Court for the Eastern District of Texas, but failed to appear for a plea hearing. He had attempted to appear by telephone but after being told that was not acceptable, Guggenheim still did not obtain local counsel but instead put his client on a plane to Houston without instructing him how to proceed and without funds to travel from Houston to the town where the hearing was being held. The client thus failed to appear and surrendered to the U. S. Marshal in Houston. Guggenheim called the court but offered inconsistent explanations for not appearing or ensuring his client's appearance. As a result of his default by not responding to the Notice of Discipline in this case, Guggenheim admits to violating Rules 1.3, 1.4, 3.2, 8.4, and 9.3.

A client hired Guggenheim in Case No. S05Y1823 to handle her divorce case and paid Guggenheim a $600 fee. He told her he filed the complaint but he failed to return any of her calls thereafter and the client discovered that Guggenheim never filed the divorce action. Although the client went to Guggenheim's office several times to obtain a refund of her fee, he did not refund the monies she paid him to represent her. By his actions Guggenheim admits violating Rules 1.3, 1.4, 1.5, 1.16, 8.4, and 9.3.

In Case No. S05Y1824, Guggenheim represented a client in a civil case in which he advised the client to dismiss the original suit

and re-file it. Guggenheim dismissed the action but waited until the last day to re-file it and did not serve the defendant until after expiration of the statute of limitations, which caused the trial court to dismiss the action with prejudice. When the client went to Guggenheim's office to discuss the matter, he could not do so because Guggenheim was intoxicated and cursed at his client. The client subsequently wrote to Guggenheim asking him to appeal the dismissal, but Guggenheim took no action in that regard and did not respond to the client's letter. By virtue of his default, Guggenheim admits violating Rules 1.3, 1.4, 1.16, and 9.3.

We agree with the State Bar that disbarment is the appropriate sanction in these matters, given the seriousness of the violations and the fact that Guggenheim has committed multiple infractions of the Bar Rules. Accordingly, the name of Robert T. Guggenheim hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 11, 2005.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.